JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit (15 USC 1681 or 1692) |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| | | | | ❏ 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 896 Arbitration |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | ❏ 950 Constitutionality of State Statutes |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- ❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Attachment

### *Defendants*

GAMING COMMISSION OF THE GOVERNMENT OF PUERTO RICO; MANUEL CIDRE MIRANDA, and his spouse JANE DOE I and their conjugal partnership; ANTONIO RAMOS GUARDIOLA, and his spouse JANE DOE II and their conjugal partnership; CARLOS RODRÍGUEZ MATEO, his spouse JANE DOE III and their conjugal partnership; RAY J. QUIÑONEZ, his spouse JANE DOE IV and their conjugal partnership; CARLOS MERCADO SANTIAGO, his spouse JANE DOE V and their conjugal partnership; CRISTOBAL MÉNDEZ BONILLA, his spouse JANE DOE VI and their conjugal partnership; JUAN CARLOS SANTAELLA MARCHÁN, his spouse JANE DOE VII and their conjugal partnership; CAMARERO RACE TRACK CORP.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| PUERTO RICO HORSE OWNERS ASSOCIATION, INC.<br><br>*Plaintiff*<br><br>GAMING COMMISSION OF THE GOVERNMENT OF PUERTO RICO; MANUEL CIDRE MIRANDA, and his spouse JANE DOE I and their conjugal partnership; ANTONIO RAMOS GUARDIOLA, and his spouse JANE DOE II and their conjugal partnership; CARLOS RODRÍGUEZ MATEO, his spouse JANE DOE III and their conjugal partnership; RAY J. QUIÑONEZ, his spouse JANE DOE IV and their conjugal partnership; CARLOS MERCADO SANTIAGO, his spouse JANE DOE V and their conjugal partnership; CRISTOBAL MÉNDEZ BONILLA, his spouse JANE DOE VI and their conjugal partnership; JUAN CARLOS SANTAELLA MARCHÁN, his spouse JANE DOE VII and their conjugal partnership; CAMARERO RACE TRACK CORP.<br><br>*Defendants* | Civil No.<br><br>Re: Violations of Civil Rights 42 U.S.C. §§1981, 1983 and 1988<br><br>Jury Trial Demanded |

**COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, Puerto Rico Horse Owners Association, Inc. ("PRHOA") and for its complaint against the Defendants, alleges as follows:

**I.   THE PARTIES**

1.      Plaintiff PRHOA is a Puerto Rico non-profit corporation with its principal place of business at Camarero Racetrack, Canóvanas, Puerto Rico.

2.      Defendant the Gaming Commission of the Government of Puerto Rico (the "Commission") was created pursuant to Law No. 81 of July 29, 2019 as amended with capacity to sue and be sued. It is composed of seven (7) Commissioners, of which five (5) are ex-officio and

two (2)  from the private sector appointed by the Governor of Puerto Rico with the advice and consent of the Senate, with jurisdiction and powers over all aspects of the Law of the Industry and the Racing Sport of Puerto Rico, as set forth in 15 L.P.R.A. §§198 to 198y.

3.      Defendant Manuel Cidre Miranda is the president of the Commission and Defendants Antonio Ramos Guardiola, Carlos Rodríguez Mateo, Ray J. Quiñonez, Carlos Mercado Santiago and Cristobal Méndez Bonilla are the other members of the Commission. All of them are being sued in their official capacity as members of the Commission and in their personal capacity, together with their spouses and their respective conjugal partnerships.

4.      Juan Carlos Santaella Marchand ("Santaella") is the Interim Executive Director of the Commission (the "Executive Director"), and he is being sued in his official capacity as such and in his personal capacity, together with his spouse and their conjugal partnership.

5.      Camarero Race Track Corp. ("Camarero") is a for profit corporation with its principal place of business at Canóvanas, Puerto Rico and is the owner of the only thoroughbred racetrack in Puerto Rico known as Hipódromo Camarero, located at Canóvanas, Puerto Rico.

## II.  JURISDICTION, VENUE AND STANDING

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1343(a) over this complaint as it arises under the Fifth and Fourteenth Amendments to the Constitution of the United States of America; Article I Section 8, Clause 3 of the Constitution of the United States of America and 42 U.S.C. §§ 1981,1983 and 1988.

7.      Venue is proper in this district under 28 U.S.C. § 1391.

8.      PRHOA has standing to proceed with this complaint as representative of its members and the facts stated herein.

9.      Plaintiff seeks judgment against Defendants for monetary relief, compensatory and punitive damages, as well as attorney's fees and allowable costs. Plaintiff further invokes the

2

supplemental jurisdiction of this Court to redress of violations of the Constitution of the commonwealth of Puerto Rico (P.R Constitution), as well as violations of state statutes, since said violations stem from the same nucleus of operative facts as the federal claims.

### III. FACTS

10.     PRHOA is a non-profit corporation organized and authorized to conduct business under the General Corporation of Law of Puerto Rico, registered in the Department of State of Puerto Rico under 321385 with offices at Camarero Racetrack, Canóvanas, Puerto Rico.

11.     PRHOA is composed of members with licenses as owners of thoroughbred racehorses in Puerto Rico, issued by the Commission, enabling them to race their thoroughbreds in the official races conducted at Hipódromo Camarero, the only racetrack existing in Puerto Rico, operated by Camarero under a provisional license issued by the Commission.

12.     The Commission is the governmental agency created by Law Number 81-2019 of July 29, 2019, as amended 15 L.P.R.A. § 981 et. seq., known as the Law of the Gaming Commission of the Government of Puerto Rico, granting the Commission with jurisdiction to regulate all aspects of the thoroughbred racing industry and sport in Puerto Rico, as set forth in Law 83 of July 2, 1987, as amended, known as the Law of the Industry and the Racing Sport in Puerto Rico (the "Racing Act").

13.     15 L.P.R.A. § 982 establishes that the Commission shall be integrated by five (5) persons appointed by the Governor of Puerto Rico, with the advice and consent of the Senate, who will be of recognized personal, moral, and professional integrity and who do not have businesses, activities, or interests in the betting industry in Puerto Rico.

14.     Pursuant to the Racing Act, all that is related to the Administration of the Industry and the Racing Sport in Puerto Rico ("AIDH") is under the jurisdiction of the Commission, empowering the Commission to issue all orders, rules and regulations conductive to preserving the

physical security, economic and social well-being of the natural and legal persons related with the AIDH. Article 4(b)(9) of the Racing Act, 15 L.P.R.A. § 198e

15.     Among the duties and responsibilities of the Commission and its Executive Director is the supervision of the racetrack (the "Racetrack") and its operation by Camarero, including assuring that its condition provides for the safety of the riders and the racehorses during the morning workouts and during race days, a condition for the issuance of the license to operate Hipódromo Camarero.

16.     On February 18, 2022, (over twenty-six months ago), PRHOA filed an official complaint with the Executive Director regarding the conditions of the Racetrack (the "First Complaint"), which was assigned to administrative judge José Martínez Ramos, who after some administrative proceedings improperly determined that he lacked jurisdiction to consider the First Complaint, because allegedly the Executive Director had commenced a parallel investigation on the Racetrack and that he understood that the results of that so called investigation should be completed first.

17.     In the meantime, the conditions of the Racetrack continued to deteriorate further endangering the safety and welfare of the riders and the thoroughbreds working out in the mornings and racing during official races at Hipódromo Camarero.

18.     With no results from the alleged secret investigation by the Executive Director on the Racetrack and its condition continuing to deteriorate due to its improper maintenance and conditioning, and the lack of the proper equipment to do so, further placing in jeopardy the safety of the riders and thoroughbreds working out and racing thereat, and in view of Camarero's lackadaisical attitude and hands down modus operandi in meeting its obligations under the Racing Act and applicable Regulations, as well as the Commission and the Executive Director's failure to meet their obligations under the law by ensuring the safety of the Racetrack and further

4

considering the very substantial investment in the purchase of their thoroughbreds by its members, almost two years from the First Complaint, PRHOA on January 12, 2024, filed a second complaint with the Commission as to the condition of the Racetrack (the "Second Complaint") making reference to the First Complaint.

19.     In the Second Complaint, PRHOA underscored that, almost two years after the First Complaint, the results of the purported investigation by the Executive Director had not been revealed, understanding that the same had not been concluded or conducted, as it has not been to date, on December 16, 2024, the first race of the official racing program for said date, after the horse Abuela Cuca having suffered a catastrophic injury, due to the condition of the Racetrack, and with the complaint of the jockeys, the Racing Stewards, with total authority of the racing activities after their commencement, cancelled the remaining races scheduled for December 16, 2024, underscoring the need for the immediate conclusion of the then almost two years belated investigation of the conditions of the Racetrack by the Executive Director, as part of which he was to consider the matters raised by PRHOA in the First Complaint, including if Camarero has implemented the recommendations of Dr. Michael Leroy Peterson ("Dr. Peterson"), Camarero's expert, as to the equipment to be utilized for the maintenance and conditioning of the Racetrack.

20.     The Second Complaint, as to which the Commission has failed to act, also requested that for the benefit of the AIDH, Camarero and/ or the Commission provide all of Dr. Peterson or his team's reports on the condition of the Racetrack with their recommendations, and for Camarero to file a report as to their implementation, bringing to the attention of the Commission accidents at the Racetrack which have directly impacted jockeys, thoroughbreds and their owners whose substantial investments therein have been affected, including members of PRHOA.

21.     One of such members is José A. López Camacho who was awarded not less than $112,816.00 by the Court of First Instance of Puerto Rico, Carolina Section, in the case of *José Antonio López Camacho v. Camarero Racetrack Corp., et. als.*, Case No. FBCI2017-0646, for the racing ending career of his filly Charming Tam.

22.     In Case No. FBCI2017-0646, the State Court, after considering the testimony of several witnesses, including jockeys that of Dr. Peterson, as well as the pertinent facts of the case, concluded that since 2016, the Racetrack has been in a dangerous condition, which was the direct cause of the damages suffered by Charming Tam.

23.     Moreover, in the Second Complaint, PRHOA submitted that in failing to properly maintain both the Racetrack and the training track, Camarero was in multiple violations of the Racing Regulation General Part and Licensing, specifically Sections 902, 903 and 918, and requested from the Commission that in the exercise of its powers order its Executive Director and Camarero to deliver all the contracted expert reports as to the condition of the Camarero Racetrack, for the Executive Director to submit a final report on his purported investigation, and that in turn Camarero be directed to correct the problems at the Racetrack and implement Dr. Peterson's now aged recommendations, including the use of the equipment recommended by him, all of which has been ignored by the Commission and Camarero.

24.     Again, due to the condition of the Racetrack, and considering the safety of the jockeys and the thoroughbreds, a substantial number of which belong to members of PRHOA, on March 16, 2024, the Racing Stewards cancelled the official races programed for that day.

25.     The problems of the Racetrack are of a serious nature, placing at risk the safety of the riders and the thoroughbreds in use thereof.

26.     In order to fix such problems, a soil study, inspection of the Racetrack's base, the composition of the sand serving as cushion over its base and its depth, the Racetrack's drainage

system and the use of the proper equipment are required, all of which can't be accomplished in three (3) days during Holy Week as pretended by Camarero, obviously failing to correct the evident problems of the Racetrack, which as the date hereof persist, Camarero having to order its closing for morning workouts on Saturday, April 13, 2024.

27.     To underscore the present and clear danger evidenced by the Racetrack, on April 21, 2024, the Racing Stewards again, after the second race scheduled for that day had to cancel the remaining official races due to the unsafe conditions of the Racetrack. Also, the morning workouts for April 22, 2024, had to be cancelled.

28.     Considering the present dangerous conditions of the Racetrack, putting at risk the life of the riders and the thoroughbreds, the lack of remedial action by the Commission and Camarero, in a good faith effort and for the purpose of assisting in the correction of those conditions, prior to the subsequent events set forth above which underscore PRHOA's actions, on March 26, 2024 wrote to Mr. Ervin Rodríguez Vélez ("Rodríguez"), Camarero's president, requesting that access to the Racetrack be granted to Mr. John Passero ("Passero"), one of the foremost racetrack consultants in the United States and Canada, and familiar with the Racetrack, for Mr. Passero to inspect the Racetrack and the equipment in use for its conditioning and maintenance, and render a report directed to resolving its evident problems, free of cost to Camarero. Mr. Passero's qualifications as an expert in thoroughbred racetracks appear in **Exhibits A, B, C** and **D** hereto.

29.     On March 28, 2024, Mr. Rodríguez, in a conclusive, challenging manner, disregarding the reality of the Racetrack, *ipso facto*, ignored PRHOA's request for access to Mr. Passero, evading the purpose of PRHOA's letter, proceeding with an unnecessary frivolous debate as to the condition of the Racetrack, implying in his answer having the endorsement of the Commission as to his opinionated conclusions, devoid of any factual support and contrary to the

7

reality of the Racetrack, which as, *inter alia*, held in the judgment of March 3, 2023, in Case No. FBCI2017-0646, since 2016 suffers from dangerous conditions, such as lack of consistency, unevenness, humidity, compacting and lack of effective maintenance.

30.     Specifically, in its conclusions, the State Court in Case No. FBCI2017-0646 states at paragraphs 38 and 40 that the Racetrack, in general terms and in particular its final stretch in the mile and one sixteenth area, suffers of dangerous conditions, the direct cause of the damages suffered by Charming Tam, as well as the damages that suffered by other horses, as the evidence showed that as well as before the occurrence of Charming Tam's accident in the final stretch and after that, the Camarero Racetrack in that area is in bad conditions, due to having consistency problems, unevenness, problems of humidity, lack of compaction and lack of effective maintenance, among others.

31.     In his correspondence as to his availability, Mr. Passero requested a preliminary manner the following information, requested by PRHOA from Camarero, trough Mr. José Antonio Hernández Tirado, Camarero's Director of Facilities and Utilities, who in turn referred the request to Camarero's senior management, which in line with Mr. Rodríguez's answer of March 28, 2024, Camarero has refused to submit:

   (i)  Depth of cushion
   (ii) Depth of base
   (iii) What's below the base?
   (iv) Are cushion and base similar?
   (v)  How many gallons in trucks?
   (vi) Measurement from top of rail to top of cushion every 1/16 of a mile.
   (vii)  Is truck emptied in one round?

(viii) How many loads of water are on the running lanes on race days? [1]

32.     Considering Camarero's position and the Commission's reiterated failure to act on PRHOA's request for remedies regarding the condition of the Racetrack and therefore Camarero and the Commission acting in concert, on April 2, 2024, PRHOA filed an Urgent Petition with the Commission for a peremptory order directed to Camarero for it to immediately grant access to Mr. Passero for his examination of the Racetrack and the equipment utilized for its maintenance, for Mr. Passero to be able to render a report with his recommendations regarding the condition of the Racetrack and that simultaneously Camarero provides Mr. Passero with the information requested by him as indicated in paragraph twenty-seven (27) above, as well as all the reports on the Racetrack by Camarero's experts (the "Urgent Petition").

33.     As with the case of the First and Second Complaints the Commission and its Executive Director have ignored the Urgent Petition.

34.     To make things worse on April 22, 2024, making evident its obstinacy and disregard for the well-being of the riders and thoroughbreds in use of the Racetrack, Camarero answered the Urgent Petition filed in case number NH-24-03 by, *inter alia*, sustaining that since it is a private entity it doesn't have any legal obligation compelling it to share the requested information with third parties and that the revealing reports are confidential in nature and their disclosure is not supported by any legal provision requiring its submittal to PRHOA.

35.     It is clear that PRHOA has been precluded from exhausting its administrative remedies by the Commission's acts and omissions in processing the First and Second Complaints

---

[1] Dr. Peterson himself, Camarero's expert during his testimony in Case No. FBCI2017-0646, made several recommendations and observations regarding: (a) improving equipment, including the purchase of two new water trucks ; (b) trucks with long arm and separate engine to be able to spray water evenly; (c) found that the trucks had diagonal ply tires and other radial tires with very high pressure. Tire pressure can cause more compaction; (d) recommended maintaining level consistency at the base of the track and inconsistency should be reduced; and (e) that consistent padding is required so that there is a consistent load on the horse's legs.

and now the Urgent Petition regarding the condition of the Racetrack with the detrimental effects

on the health and safety of the riders and the valuable thoroughbreds owned by the members of

PRHOA, which are subject to injuries, including of a catastrophic nature, due to the conditions of

the Racetrack exacerbated by frequent rainy days.

36.     The condition of the Racetrack resulting in the suspension of the official races and

the workouts, coupled with the injuries suffered by the thoroughbreds owned by the members of

PRHOA, have caused them substantial damages, estimated in not less than $500,000.00, due to the

resulting loss of purse money and of their investment in the purchase of their racing stock.

37.     The acts and omissions of the Commission and Camarero, described herein,

constitute illegal violations of PRHOA and its members, civil rights, all in violation of the Fourth,

Fifth, Eight, Ninth and Fourteen Amendments of the United States and 42 USC section 1983. Said

acts and omissions are negligent or intentional, grossly, negligent or intentional and taken in

reckless disregard and deliberate indifference for the rights of PRHOA and its members.

38.     The acts and omissions of the Defendants described herein constitute a tort

actionable under Article 1802 of the Civil Code of Puerto Rico for which they respond to PRHOA

and its members.

## FIRST CLAIM FOR RELIEF
### Article I, Section 8, Clause 3 of the United States Constitution

39.     PRHOA repeats and realleges the statements contained in paragraphs 1 to 30

hereof, as if literally transcribed.

40.     The Commerce Clause refers to Article I, Section 8, Clause 3 of the U.S.

Constitution which gives Congress the power to regulate commerce with foreign nations, among

states and with Indian Tribes.

41.     Through its simulcasting in activities of importing races from different states for wagering at Camarero during local racing days Camarero is engaged in interstate commerce under Interstate Horseracing Act of 1978, 15 USC Ch. 57, granting Congress the power to regulate its activities, including safeguarding the welfare of the jockeys and the thoroughbreds that race thereat.

42.     Consequently, PRHOA is entitled to an order directing Camarero to immediately grant access to Mr. Passero to the Racetrack for his examination and the examination of the equipment used for its maintenance, and to be able to submit a report with his recommendations on the condition of the Racetrack, and that Camarero also provides Mr. Passero with the information requested by him and listed in paragraph number twenty-seven (27) above, as well as all expert reports on the Racetrack issued during the years 2019 to 2024.

43.     PRHOA demands trial by jury as to all claims for relief, as indicated below.

**SECOND CLAIM FOR RELIEF**
**Fifth and Fourteenth Amendments of the Constitution of the U.S. Constitution**

44.     PRHOA repeats and realleges the statements contained in paragraphs 1 to 34 hereof, as if literally transcribed.

45.     The Fifth Amendment to the U.S. Constitution inter alia provides that no person shall not be deprived of life, liberty, or property, without due process of law.

46.     In turn the Fourteenth Amendment of the U.S. Constitution, inter alia, provides that no state shall deny to any person within its jurisdiction the equal protection of the laws.

47.     For purposes of the Fourteenth Amendment Puerto Rico is considered a state.

48.     By the Commission and its members, as an arm of the Commonwealth, failing to act on PRHOA's First and Second Complaint, as well as on the Urgent Petition regarding the poor condition of the Racetrack, the Commission has deprived and is depriving the members of

11

PRHOA of their property without due process of law by causing such members to race and exercise their thoroughbreds under adverse conditions to their safety and welfare, placing at risk the members of PRHOA's valuable property rights therein.

49.     Consequently, PRHOA is entitled to an order directing Camarero to immediately grant access to Mr. Passero to the Racetrack for his examination and the examination of the equipment used for its maintenance, and be able to submit a report with his recommendations on the condition of the Racetrack, and that Camarero also provides Mr. Passero with the information requested by him and listed in paragraph number twenty-seven (27) above, as well as all expert reports on the Racetrack of experts issued during the years 2019 to 2024.

### THIRD CLAIM FOR RELIEF
**Violation of the Members of PRHOA's Constitutional Due Process Rights Pursuant to 48 U.S.C. § 1983**

50.     PRHOA repeats and realleges the statements contained in paragraphs 1 to 40 hereof, as if literally transcribed.

51.     The Commission and its Executive Director in failing to consider PRHOA's First and Second Complaint and its Urgent Petition regarding the poor condition of the Racetrack with the consequential adverse and detrimental effects on the members of PRHOA and their valuable thoroughbreds constitutes a violation of their constitutional due process rights under 48 U.S.C. § 1983.

52.     48 U.S.C. § 1983 provides a private right of action against a person who, under color of state law, as the Commission and the Executive Director, deprives a person of rights secured by the U.S. Constitution or by federal law.

53.     In this case, the Commission, and its members in ignoring PRHOA's First and Second Complaint and its Urgent Petition regarding the condition of the Camarero Racetrack,

while acting under color of state law have deprived PRHOA and its members of their federally secured rights to their procedural and substantive due process of law.

54.     Therefore, PRHOA is entitled to an order directing Camarero and the Commission to immediately grant access to Mr. Passero to the Racetrack for his examination and the equipment used for its maintenance, and be able to submit a report with his recommendations on the condition of the track, and that Camarero and the Commission also provide Mr. Passero with the information requested by him and listed in paragraph number thirty-one (31) above, as well as all expert reports on the Racetrack by experts issued during the years 2019 to 2024.

<u>**FOURTH CLAIM FOR RELIEF**</u>
<u>**Damages**</u>

55.     The Defendants are jointly and severally responsible for the damages suffered by the members of PRHOA due to their actions and inactions in reference to their Racetrack and their failure to act as requested by PRHOA and considering the nature of their conduct for punitive damages and attorney's fees.

**RELIEF DEMANDED**

**WHEREFORE**, PRHOA respectfully requests for the Court to enter a judgment against Defendants:

(a) As to the First Claim for Relief, directing Camarero and the Commission to immediately grant access to Mr. Passero to the Racetrack for his examination and the equipment used for its maintenance, and be able to submit a report with his recommendations on the condition of the Racetrack, and that Camarero and the Commission provide Mr. Passero with the information requested by him and listed

in paragraph thirty-one (31) above, as well as all expert reports on the Racetrack issued during the years 2019 to 2024.

(b) As to the Second Claim for Relief, PRHOA is entitled to an order directing Camarero and the Commission to immediately grant access to Mr. Passero to the Racetrack for his examination and the examination of the equipment used for its maintenance, and be able to submit a report with his recommendations on the condition of the Racetrack, and that Camarero and the Commission also provide Mr. Passero with the information requested by him and listed in paragraph number thirty-one (31) above, as well as all expert reports on the Racetrack by experts issued during the years 2019 to 2024.

(c) As to the Third Claim for Relief, PRHOA is entitled to an order directing Camarero and the Commission to immediately grant access to Mr. Passero to the Racetrack for his examination and the examination of the equipment used for its maintenance, and be able to submit a report with his recommendations on the condition of the Racetrack, and that Camarero and the Commission also provide Mr. Passero with the information requested by him and listed in paragraph number thirty-one (31) above, as well as all expert reports on the Racetrack by experts issued during the years 2019 to 2024.

(d) As to the Fourth Claim for Relief, PRHOA is entitled to damages of not less than $500,000.00, punitive damages of not less than $500,000.00, attorney's fees and costs against the Defendants.

(e) Granting such other and further reliefs the Court deems just and proper.

San Juan, Puerto Rico this 26th day of April 2024

<u>**s/Charles A. Cuprill-Hernandez**</u>

14

USDC-PR 114312
Charles A. Cuprill, P.S.C., Law Offices
356 Fortaleza Street - Second Floor
San Juan, PR  00901
Tel.: 787-977-0515
Fax: 787-977-0518
E-mail: ccuprill@cuprill.com