UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO HORSE OWNERS ASSOCIATION, INC.,**

*Plaintiff*,

v.

**THE GAMING COMMISSION OF THE GOVERNMENT OF PUERTO RICO,** *et al.*,

*Defendants.*

Civ. No. 24-01194 (MAJ)

## OPINION AND ORDER

### I.  Introduction

On April 26, 2024, the Puerto Rico Horse Owners Association, Inc. ("Plaintiff") ("PRHOA") filed the instant action against the Gaming Commission of the Government of Puerto Rico, its members in their personal and official capacities, and Camarero Race Track Corp. (collectively "Defendants") alleging violations of their United States constitutional rights pursuant to 42 U.S.C. § 1983. (**ECF No. 1**).[1] Pending before the Court is Defendant Gaming Commission of the Government of Puerto Rico's Motion to Disqualify Counsel (the "Motion").[2] (**ECF Nos. 46**). In essence, Defendant argues that because Plaintiff's counsel Charles Cuprill-Hernández ("Mr. Cuprill") is the President of the PRHOA, he is a necessary witness, warranting his disqualification as counsel for Plaintiff. (**ECF No. 46**). For the reasons stated hereafter, the Court **DENIES** Defendant's Motion.

---

[1] Plaintiff has since filed the operative Amended Complaint. (**ECF No. 9**).
[2] Also before the Court are Plaintiff's response and Defendant's reply. (**ECF Nos. 51, 55**).

## II. Legal Standard

The conduct of lawyers who practice before the United States District Court for the District of Puerto Rico is governed by the American Bar Association Model Rules of Professional Conduct. *Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc.*, 179 F.R.D. 64, 64 (D.P.R. 1998) (citing *In re Antonio L. Córdova-González*, 996 F.2d 1334, 1335 n. 5 (1st Cir. 1993); *see also* Local Rule 83E(a). "Model Rule 3.7 provides that, except in certain situations, '[a] lawyer may not act as advocate at a trial in which the lawyer is likely to be a necessary witness.'" *Hill v. Culebra Conservation & Dev. Auth.*, 599 F. Supp. 2d 88, 94 (D.P.R. 2009) (quoting Model Rule 3.7(a)). There are three exceptions to this rule: "(1) if the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client." Model Rule 3.7(a).

"A lawyer is deemed necessary 'when the proposed testimony is relevant, material, not merely cumulative, and unobtainable elsewhere.'" *Deetz Fam., LLC v. Rust-Oleum Corp.*, 16-cv-10790, 2018 WL 5555070, at *1 (D. Mass. Oct. 29, 2018) (quoting *Carta v. Lumbermens Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006)). Notably, "[t]he party seeking disqualification has the burden of showing that the lawyer is likely to be a necessary witness." *Id.*; *see also Carta ex rel. Est. of Carta v. Lumbermens Mut. Cas. Co.*, 419 F. Supp. 2d 23, 29 (D. Mass. 2006); *Standard Quimica De Venezuela, C.A.*, 179 F.R.D. at 65 ("Model 3.7(a) places a higher standard of proof on the movant.") (cleaned up). This is because the "right to be represented by counsel of choice is an important one, subject to override only upon a showing of compelling circumstances." *Standard Quimica De*

*Venezuela, C.A.*, 179 F.R.D. at 65 (internal citations and quotations omitted) (collecting cases).

### III. Discussion

The instant matter concerns the conditions of the Hipódromo Camarero racetrack located in Canóvanas, Puerto Rico. (**ECF No. 9**). Plaintiff alleges Defendants have not properly maintained the track, resulting in unsafe conditions which have caused them damages. *Id.* With regard to the instant Motion, Defendant contends that, as the President of PRHOA, Mr. Cuprill, is a necessary witness in this case. (**ECF No. 46 at 5**). Specifically, Defendant argues that "[i]f this case reaches the trial phase, it is evident that Mr. Cuprill will have to testify as to his endeavors on behalf of PRHOA." *Id.* Namely, the conditions of the racetrack and actions concerning such conditions, "many of which were executed by Mr. Cuprill himself." *Id.*

In response, Plaintiff affirmatively states that Mr. Cuprill will not be one of its witnesses. (**ECF No. 51 at 2**). Moreover, Plaintiff alleges that PRHOA has over one hundred and fifty members, several of which have first-hand knowledge of the allegations in the Complaint. *Id.* Finally, Plaintiff argues that Mr. Cuprill should not be disqualified because he executed "actions concerning the conditions of the racetrack," because Defendants have not identified which actions they are referring to. *Id.* at 5. Defendant thereafter clarified in its reply that they expect Mr. Cuprill will need to testify with respect to a letter he sent to Defendant Camarero requesting access to the racetrack on behalf of his expert. (**ECF No. 55-1 at 2**). Defendant maintains this testimony is relevant and material because one of the remedies requested by Plaintiff is access to the racetrack for its expert. *Id.*

In *Standard Quimica De Venezuela, C.A. v. Cent. Hispano Int'l, Inc.*, a court in this district denied the motion to disqualify pending before it because it was too early in the proceedings to adequately determine if the opposing counsel was likely to be a necessary witness. 179 F.R.D. 64 (D.P.R. 1998). In so holding, the court noted that the plaintiff's "bald assertions" that the defendant's attorney was the only individual with material knowledge was insufficient, as there was "no evidence in the record from which the court could conclude . . . he [was] likely to be a necessary witness". *Id*. at 65-66. Simply put, because the "clarification of triable issues" had not yet occurred, the court deemed the motion premature and denied it without prejudice, subject to renewal at a later time should the need arise. *Id*.

Similarly, in the instant case, the record is not sufficiently developed for the Court to conclude that Mr. Cuprill is a necessary witness. Plaintiff has alleged that there are various individuals with the knowledge Defendant seeks, and Defendant has not presented any evidence to the contrary, likely because discovery has not yet commenced. Accordingly, the Court cannot properly determine if the information Defendant seeks is attainable elsewhere. Given the importance of a party's right to choose their counsel, and the speculative nature of Defendant's argument at this juncture, the determination of Mr. Cuprill's disqualification at this stage would be premature. *See Doelger v. JPMorgan Chase Bank, N.A.*, 21-cv-11042, 2022 WL 2394031, at *3 (D. Mass. Mar. 21, 2022) (finding same, noting that "weighing the relevance and materiality of hypothetical testimony at this stage of proceedings would require premature engagement with the issues of fact at the heart of this case."); *Gurniak v. Emilsen*, 995 F. Supp. 2d 262, 269 (S.D.N.Y. 2014) ("It is well settled that a party in a civil action has the right to freely choose

his or her own counsel," subject to, of course, the Court's need "to preserve the integrity of the adversary process.") (internal citations and quotations omitted) (collecting cases).

Moreover, "[o]ne of the strongest rationales for this lawyer-witness rule is to prevent jury confusion over the separate roles of an advocate and a witness." *Standard Quimica De Venezuela, C.A.,* 179 F.R.D. at 65. Accordingly, Rule 3.7 is limited to representation at trial. *Hill.*, 599 F. Supp. 2d at 95. In light of this, courts have allowed an attorney who is a necessary witness participate in pretrial proceedings, as long as they do not act as trial counsel. *See id.* at 95 ("Thus, so long as [opposing counsel] does not act as trial counsel, the purposes of Rule 3.7 will be served."); *Standard Quimica De Venezuela, C.A.*, 179 F.R.D. at 66 (denying motion to disqualify as premature but noting that "[i]f it later becomes likely that [counsel] is the only individual with relevant knowledge, [the plaintiffs'] renewal of their motion will be in order, but only to prevent him from acting as advocate at trial."). The Court will thus entertain a similar renewal, should it become necessary.

## IV.  Conclusion

Because Defendant has not sustained its burden in demonstrating Mr. Cuprill is a necessary witness at this juncture, its Motion to Disqualify is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of July, 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDAN**
**UNITED STATES DISTRICT JUDGE**